UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                          Case Nos.:  3:01cr67/RV
                                                        3:14cv108/RV/CJK
NATHANIEL BAILEY
_____/

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Alternative Petition for Relief Pursuant to 28 U.S.C. § 2241 and/or Alternative Petition for Writ of Audita Querela (doc. 136).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's § 2255 motion and that it should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2).  If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 252 months imprisonment after a jury found him guilty of unlawful transport of firearms (docs. 31, 37). His conviction and sentence were affirmed on appeal (doc. 56). He then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 58). This motion was denied in 2003 over Defendant's (belated) objections (*see* docs. 69, 70, 72, 73). Defendant's request for a certificate of appealability was denied by both the district court and the Eleventh Circuit Court of Appeals (docs. 80, 104). In 2006, the Eleventh Circuit denied Defendant's application for leave to file a second or successive § 2255 motion (doc. 112). Defendant then filed a Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60 which was denied as an attempt to file a second § 2255 motion without the appropriate authorization (docs. 113–115). In August of 2013 Defendant filed a motion for leave to file a motion pursuant to § 2255(f)(3) or (4) which was denied (docs. 124, 125). Defendant's request for a certificate of appealability was denied (doc. 133), and his appeal of that motion remains before the Eleventh Circuit. In the instant motion, Defendant contends that the former motion was improperly decided, and that he is entitled to relief based on the Eleventh Circuit's recent decision in *United States v. Howard*, ___ F.3d ___, 2014 WL 630657 (11th Cir. Feb. 19, 2014). Although he styles his motion alternatively as arising under either § 2255 or § 2241, or as a petition for a writ of audita querela, it is clear that what he seeks is § 2255 relief (*see* doc. 136 at 10). Even if this court has jurisdiction to consider Defendant's most recent submission during the pendency of the appeal, it does not have jurisdiction to entertain Defendant's § 2255 motion.

The court record reflects that Defendant is aware that before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[2] 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[3]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

---

[2] The undersigned notes that the case relied up on by Defendant was neither decided by the Supreme Court nor in the same procedural posture as Defendant's case, but rather was a decision by the Eleventh Circuit on a direct appeal.

[3] To the extent Defendant wishes to seek relief pursuant to 28 U.S.C. § 2241 or as a petition for writ of audita querela, as indicated in the style of his motion, he is free to pursue such relief in the appropriate format and in the appropriate forum. However, he is advised that neither remedy may be used merely to circumvent the procedural requirements that must be met before filing a successive § 2255 motion.

Case Nos: 3:01cr67RV/CJK; 3:14cv108/RV/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 136), be **SUMMARILY DISMISSED without prejudice**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).